ROSEN & ASSOCIATES, P.C.
Attorneys for Defendant
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Yong Hyun Ryu

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>         Debtor. | Chapter 11<br><br>Case No. 17-13633 (MKV) |
| Iliad Research and Trading, L.P., a Utah limited partnership,<br><br>         Plaintiff,<br><br>v.<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman, an individual,<br><br>         Defendant. | Adv. Proc. No. 19-01119 (MKV)<br><br>**ANSWER** |

## ANSWER TO COMPLAINT

    Robert F.X. Sillerman aka Robert F. Sillerman, aka Robert X. Sillerman ("**Defendant**")[1], by his attorneys, Rosen & Associates, P.C., hereby submits this answer (the "**Answer**") to the complaint dated April 18, 2019 (the "**Complaint**")[2], filed by Iliad Research and Trading, L.P., a Utah limited partnership ("**Plaintiff**"), and responds as follows:

---
[1] Defendant has never been known as Robert Francis Xavier Sillerman.
[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Complaint.

## JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

3. Defendant neither admits nor denies the allegations contained in paragraphs 4 and 5 of the Complaint, as such allegations are legal conclusions to which no response is required; however, admits that the causes of action alleged in the Complaint are core proceedings.

## BACKGROUND

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 and 7 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof.

5. Defendant admits the allegations contained in paragraph 8 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9 through 16 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17 through 22 of the Complaint.

8. Defendant admits the allegations contained in paragraphs 23 and 24 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs 25 through 27 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof; however, admits that Defendant filed a Form 106D with this Court on March 20, 2018.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

11. Defendant denies the allegations contained in paragraph 29 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 30 through 33 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof.

13. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## FIRST CLAIM FOR RELIEF
**(For a Nondischargeable Judgment Under 11 U.S.C. § 523(a)(19))**

14. Defendant repeats and re-alleges his responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

15. Defendant neither admits nor denies the allegations contained in paragraph 36 of the Complaint, as such allegations are legal conclusions to which no response is required.

16. Defendant denies the allegations contained in paragraph 37 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38 and 39 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof.

18. Defendant denies the allegations contained in paragraphs 40 through 47 of

the Complaint; however, admits that Defendant filed the Amended Schedule in January 2019.

## SECOND CLAIM FOR RELIEF
### (For a Nondischargeable Judgment Under 11 U.S.C. § 523(a)(2))

19. Defendant repeats and re-alleges his responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

20. Defendant denies the allegations contained in paragraph 49 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 50 and 51 of the Complaint, and respectfully refers this Court to the documents referred to therein for the contents thereof; however, admits that Defendant filed the Original Schedule on March 20, 2018.

22. Defendant neither admits nor denies the allegations contained in paragraph 52 of the Complaint, as such allegations are legal conclusions to which no response is required.

23. Defendant denies the allegations contained in paragraphs 53 through 65 of the Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred in whole or in part by all applicable statutes of limitations, including, without limitation, the deadline to file a complaint to determine the dischargeability of a debt, as set forth in Rule 4007 of the Federal Rules of Bankruptcy Procedure.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

25. Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrine of laches and/or estoppel.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order:

(1) dismissing the Complaint; and

(2) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 3, 2019

                                      ROSEN & ASSOCIATES, P.C.
                                      Attorneys for Defendant

                                      By: /s/ Yong Hyun Ryu
                                              Yong Hyun Ryu

                                      747 Third Avenue
                                      New York, NY 10017-2803
                                      (212) 223-1100