**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Defendant*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 17-13633 (MKV) |
| Iliad Research and Trading, L.P., a<br>Utah limited partnership,<br><br>                     Plaintiff,<br><br>v.<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman, an individual,<br><br>                     Defendant. | Adv. Proc. No. 19-01119 (MKV) |

<u>**NOTICE OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**</u>

       **PLEASE TAKE NOTICE** that upon the annexed motion (the "**Motion**") dated

September 12, 2019, Robert F.X. Sillerman aka Robert F. Sillerman, aka Robert X. Sillerman,

improperly named in the involuntary petition commencing this case as Robert Francis Xavier

Sillerman,[1] (the "**Defendant**"), by and through his counsel, Rosen & Associates, P.C., will move at a hearing before the Honorable Mary Kay Vyskocil, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 on **October 3, 2019 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, for the entry of an order dismissing the complaint filed in the above-captioned adversary proceeding.

        **PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the grounds for such response or objection with specificity, and shall be filed with this Court electronically in accordance with General Order M-399 (General Order M-399 and the Procedures for Filing, Signing and Verification of Documents by Electronic Means can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of this Court's filing system, and by all other parties in interest on a CD-ROM or other electronic media, preferably in PDF or any Windows-based word processing format, with a hard copy delivered directly to Judge Vyskocil's chambers, and served in accordance with General Order M-399 upon (i) Rosen & Associates, P.C., counsel to the Defendant, 747 Third Avenue, New York, NY 10017, Attn.: Sanford P. Rosen, Esq.; (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014, Attn.: Richard Morrissey, Esq.; (iii) Cullen and Dykman LLP, proposed counsel to the Official Committee of Unsecured Creditors, 100 Quentin Roosevelt Boulevard, Garden City, NY 11530-4850, Attn.: Jil Mazer-Marino, Esq. & Thomas R. Slome, Esq.; and (iv)

---

[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

all other parties in interest who have requested notice pursuant to Rule 2002 of the Federal Rules

of Bankruptcy Procedure, **so as to be received no later than 5:00 pm on September 26, 2019.**

Dated: New York, New York
      September 12, 2019

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Defendant*

By: _____
        Paris Gyparakis
        Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Defendant*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>         Debtor. | Chapter 11<br><br>Case No. 17-13633 (MKV) |
| Iliad Research and Trading, L.P., a<br>Utah limited partnership,<br><br>         Plaintiff,<br><br>v.<br><br>Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman, an individual,<br><br>         Defendant. | Adv. Proc. No. 19-01119 (MKV) |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

   Robert F.X. Sillerman aka Robert F. Sillerman, aka Robert X. Sillerman ("**Mr.**

**Sillerman**" or the "**Defendant**"),[1] through his counsel, Rosen & Associates, P.C., in support of this

---

[1] The Defendant has never been known as Robert Francis Xavier Sillerman.

motion (the "**Motion**") to dismiss the complaint dated April 18, 2019 [Adv. Proc. Doc. No. 1] (the "**Complaint**"), filed by Iliad Research and Trading, L.P., a Utah limited partnership ("**Plaintiff**") pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. § 105 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding by Bankruptcy Rule 7012.

## FACTUAL & PROCEDURAL BACKGROUND

2.      On December 27, 2017 (the "**Petition Date**"), React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan (collectively, the "**Petitioning Creditors**") filed an involuntary petition (the "**Involuntary Petition**") under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") against Mr. Sillerman.  Pursuant to a stipulation by and between the Petitioning Creditors and Mr. Sillerman, February 2, 2018 was fixed as the date by which Mr. Sillerman was required to respond to the Involuntary Petition.

3.      Mr. Sillerman responded by consenting to the entry of an order for relief and moving to convert his case to one under chapter 11 of the Bankruptcy Code. After a hearing on the motion on February 28, 2018, the Court entered an order for relief on March 1, 2018, converting Mr. Sillerman's case to one under chapter 11 of the Bankruptcy Code.[2]

---

[2] Additional information regarding the Debtor's assets and liabilities and the circumstances leading to the commencement of this proceeding is set forth in the *Declaration of Robert F.X. Sillerman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* [Doc. No. 37].

4.	On March 15, 2018, Plaintiff, as well as all other creditors included on the creditor matrix, was served by the Clerk of the Court with a *Notice of Chapter 11 Bankruptcy Case* [Doc. No. 28] (the "**Creditor Notice**"), which scheduled the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") for April 20, 2018, and established June 19, 2018 (the "**Deadline**"), as the deadline to object to discharge or to challenge dischargeability of a debt. *See Creditor Notice* [Doc. No. 28] (certifying notice upon Plaintiff, c/o Hansen Black Anderson Ashcraft PLLC, at 3051 West Maple Loop Drive, Ste 325 Lehi, UT 84043), attached hereto as *Exhibit A*.

5.	On March 16, 2018, Mr. Sillerman scheduled Plaintiff on *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 29] as a secured creditor holding a claim of $5,700,000, and on September 18, 2018, Plaintiff filed a proof of claim (the "**Proof of Claim**") in the amount of $7,223,871.02. *See Proof of Claim* [Claim No. 21], attached hereto as *Exhibit B*.

6.	Notwithstanding receipt of the Creditor Notice and actual knowledge of the Deadline, on April 18, 2019, almost one year after the Deadline, Plaintiff commenced this adversary proceeding by filing the Complaint seeking to have its claim against Mr. Sillerman declared non-dischargeable under sections 523(a)(2) and 523(a)(19) of the Bankruptcy Code.[3]

7.	However, as discussed more fully below, because Plaintiff cannot prevail on its Complaint as a matter of law, it must be dismissed.

---

[3] While Mr. Sillerman disputes the accuracy of many of the statements in the Complaint, because Plaintiff's allegations must be accepted as true for purposes of this Motion, the underlying facts will not be discussed. *See generally* DEF.'S ANS. TO COMPL. [Adv. Proc. Doc. No. 14].

**ARGUMENT**

8.     It is well settled that Bankruptcy Rules imposing deadlines to object to discharge or dischargeability, "display a clear mandate for prompt disposition of these controversies," and "are to be interpreted strictly, and in a manner consistent with the [congressional intent] to promote the expeditious and efficient administration of the bankruptcy process." *In re Snyder*, 102 B.R. 874, 875 (Bankr. S.D. Fla. 1989); *see also In re Dombroff*, 192 B.R. 615, 621 (S.D.N.Y. 1996) (citing *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir. 1991); *In re Pratt*, 165 B.R. 759, 762 (Bankr. D.Conn. 1994).

9.     This conclusion, moreover, is consistent with the fundamental policy to afford debtors a "fresh start" and with the pervasive interest in finality, "which would be ill-served by a contrary ruling that could leave discharges open to collateral attack in perpetuity." *In re Dombroff,* 192 B.R. 615, 621 (S.D.N.Y. 1996).

10.     Under Bankruptcy Rule 4007(c), a complaint to determine the dischargeability of a debt under section 523(c) of the Bankruptcy Code, "***shall*** be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." *See* Fed. R. Bankr. P. 4007(c) (emphasis added). A party may ***only*** seek an extension of the time to file a non-dischargeability complaint if cause is shown ***and*** if the request for such extension was made by motion prior to the expiration of the time limitation. *See id* (emphasis added).

11.     Indeed, Bankruptcy Rule 9006(b)(3) enforces the strong mandate of Rule 4007(c), by providing that the court "may enlarge the time for taking action under … 4007(c) only to the extent and under the conditions stated in [the Rule]," explicitly excepting Rule 4004 from the "excusable neglect" standard. *See* Fed. R. Bankr. P. 9006(b)(3); s*ee also In re Lopresti,* 397 B.R. 62, 66 (Bankr. N.D. Ill. 2008) (excusable neglect does not apply to Rule 4004); *In re*

*Figueroa,* 33 B.R. 298, 300 (Bankr. S.D.N.Y. 1983) (recognizing clear congressional intent, "to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim").

12.     Here, Plaintiff does not dispute that under Rule 4007(c), the deadline for creditors to file non-dischargeability complaints was April 20, 2018, "60 days from the first date set for the meeting of creditors." *See* COMPL. ¶ 52. Rather, Plaintiff contends that, the Defendant's purported misrepresentations regarding the nature of the MJX Interest were only revealed after the Deadline had passed. *See* COMPL. ¶ 53. However, Plaintiff's implicit reliance on the doctrine of equitable tolling to extend the Deadline is misplaced.

13.     Generally, although "equitable doctrines may be available to prevent the [Bankruptcy Rules] from barring an action, a statute of limitations should not be set aside lightly." *In re Yashaya*, 403 B.R. 278, 285 (Bankr. E.D.N.Y. 2009). "Statutory deadlines, while being inherently arbitrary, 'are often essential to accomplish necessary results.'" *Id.* (citing *United States v. Locke*, 471 U.S. 84, 94 (1985)); *see also United States v. Boyle*, 469 U.S. 241 (1985) ("Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results")).

14.     "The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware she ***may*** have a cause of action." *In re Higgins,* 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001) (citing *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir.1985)) (emphasis added); *see also Jones v. Res–Care, Inc.,* 613 F.3d 665, 670 (7th Cir. 2010) (equitable tolling limited to circumstances when a plaintiff, "despite all due diligence … cannot obtain the information necessary to realize that he ***may possibly*** have a claim.") (emphasis added).

15.     However, equitable tolling is not appropriate when "one does not act diligently in protecting his legal rights." *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002); *see also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984) ("[A] party who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

16.     Where, as here, the plaintiff claims the alleged fraud prevented them from timely filing a complaint, "equitable tolling is only permitted until the fraud or concealment is, or should have been, discovered." *Iavorski v. United States Immigration and Naturalization Serv.,* 232 F.3d 124, 134 (2nd Cir. 2000); *see also In re Romano*, 262 B.R. 429, 432 (Bankr. N.D. Ohio 2001) ("once a party becomes aware of the fraud, it must act with due diligence in asserting its rights").

17.     "Late discovery of facts supporting a claim, by itself, is not sufficient to justify tolling a time period." *In re Myler*, 477 B.R. 227 (Bankr. D. Utah 2012) (quoting *Young v. United States,* 535 U.S. 43, 47 (2002)). "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action." *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex. 1983).

18.     As opposed to the typical statute of limitations, "[c]reditors in bankruptcy proceedings have additional tools available to them. For example, they may request the authority to conduct an examination of the debtor under [Bankruptcy Rule] 2004 to investigate the possibility of claims before the deadline expires, [and can move] to extend the deadline if they have been unable to confirm that no claims exist." *In Re Martinsen*, 449 B.R. 917 (Bankr. W.D. Wis. 2011).

19.     In *In re Myler*, the bankruptcy court denied a creditor's request that equitable tolling should excuse the tardy filing of its non-dischargeability complaint, where the creditor neither requested authority to conduct a Rule 2004 examination nor sought an extension of time in order to investigate the possibility of claims it may have. "A creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule." *Myler*, 477 B.R. at 235.

20.     The court held that the creditor made no showing that the debtor impeded its ability to timely bring a claim for non-dischargeability:

> [For equitably tolling to apply], the complainant [must have] been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass… The complaint simply states that [the creditor] found out too late about the alleged facts supporting its claim…  Allowing a nondischargeability claim filed 558 days late ***based only on the allegations in [creditor's] complaint***, would be unjustly prejudicial to the [debtor]. As the purpose of the deadline is to establish certainty as to the debtor's fresh start, the Court requires more from a party looking to prosecute an untimely nondischargeability claim.

*Id.* (emphasis added).

21.     Here too, Plaintiff has not identified any representations or affirmative conduct of Mr. Sillerman during the bankruptcy process, that "lulled it into inaction" or otherwise prevented the timely filing of its Complaint. Rather, as in *Myler*, "the [C]omplaint simply states that [Plaintiff] found out too late about the alleged facts supporting its claim." *See id.* However, as aptly articulated in *Beamon v. Marshall & Ilsley Trust Co*, "If a plaintiff were entitled to have all the time he needed to be *certain* his rights had been violated, the statute of limitations would never run—for even after judgment, there is no certainty." 411 F.3d 854, 861 (7th Cir. 2005) (emphasis in original).

22.     According to Plaintiff: "[a]lmost one year after [the Deadline] [Mr.] Sillerman filed the Amended Schedule, which disclosed for the first time ESFX's claim to the MJX Interest and revealed the fraudulent nature of [Mr.] Sillerman's written and verbal representations." *See* COMPL. ¶ 53.

23.     However, Plaintiffs assertion is, at best, conclusory and "not entitled to the assumption of truth." *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (the plausibility standard set forth by the United States Supreme Court in *Twombly* obligates the plaintiff to provide the grounds of his entitlement to relief through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

24.     At worst, Plaintiff's assertion is belied by other facts in the Complaint, which reveal that Plaintiff's first learned that its interests were potentially affected by other encumbrances, as early as July 10, 2017. *See* COMPL. ¶¶ 18-22 ("On or about July 10, 2017, [Plaintiff] received a letter…[alleging] that MJX pledged 'certain assets' to ESFX … ESFX further claimed that the Pledge Agreement violated [Mr.] Sillerman's agreement with ESFX"). *See also Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1095 (2d Cir. 1995) (plaintiff's general allegations are not accepted as true when "contradicted . . . by more specific allegations in the [c]omplaint").

25.     Finally, having failed to request a Rule 2004 examination or otherwise move to extend the Deadline, the record in this case clearly demonstrates that Plaintiff was not diligent in protecting its rights as creditor. Plaintiff's request for such extraordinary relief at this time is unwarranted.

## **CONCLUSION**

26.     In light of the foregoing, the Defendant requests that the Complaint be dismissed with prejudice.

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed.

Dated: New York, New York
September 12, 2019

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Defendant*

By: _____
Paris Gyparakis
Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100